IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ORLAND BRISCOE,** | : | Civil No. 3:CV-01-1253 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **KENNETH KLAUS, ET AL.,** | : | |
| Defendants | : | |

FILED
SCRANTON

MAR 2 7 2009

PER _M. 6. P._
DEPUTY CLERK

## MEMORANDUM

On November 6, 2008, and February 20, 2009, hearings were held in the instant matter to create a record to assist the court in evaluating, in accordance with the factors set forth in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), whether plaintiff Orland Briscoe's ("Briscoe") failure to attend this court's scheduled pretrial conference in September 2004, warrants dismissal of the action.[1] See id. (concluding that in determining whether to exercise its discretion to dismiss as a sanction for failure to prosecute and failure to comply with court orders, a district court must balance six factors, all of which are set forth *infra*.) After hearing from both parties, and after carefully balancing and

---

[1] On September 10, 2004, plaintiff's case was dismissed by the undersigned for failure to prosecute and comply with its orders pursuant to Federal Rule of Civil Procedure 41(b) based on his refusal to be transported to court. (Doc. 177.) In doing so, the court considered the six factors applicable to dismissing a case pursuant to Rule 41(b) as set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), but did not afford Briscoe the opportunity to explain his reasons for refusing to be transported. Briscoe appealed the order. (Doc. 179.) On August 6, 2008, the United States Court of Appeals for the Third Circuit vacated the order of dismissal and remanded the matter to this court to provide Briscoe the opportunity to explain his reasons for failing to prosecute the case or comply with orders. (Doc. 210). The Mandate followed on August 28, 2008. (Doc. 211).

considering the Poulis factors, it is concluded that the factors weigh in favor of allowing the matter to proceed to trial.

I. **Procedural Background**

Plaintiff Orland Briscoe ("Briscoe") initiated this action on July 6, 2001. (Doc. 1.) Thereafter, this matter was consolidated with Briscoe v. Klaus, 3:CV-01-1779. At the time, there was an amended complaint in Briscoe v. Klaus, 3:CV-01-1779, which was ordered docketed in the consolidated action and was recognized as the governing complaint. (Docs. 20, 21.) The matter proceeded through discovery. In July 2002, Briscoe failed to attend his scheduled deposition. Defendants sought dismissal of the action. However, based on Briscoe's explanation that he was precluded from attending the deposition because prison officials confiscated his legal materials and clothing, the motion was denied. (Doc. 82.)

After completion of discovery, the parties filed cross-motions for summary judgment. Briscoe's motion for summary judgment was denied and defendants motion was granted in part and denied in part. (Doc. 140.) The following claims survived summary judgment and were expected to proceed to trial: 1) Miller, Leggore, Moore, Alianiello, Prave, and Zihmer used excessive force on him in the infirmary cell on December 17, 1999; (2) Smith and Klaus used excessive force on him during the strip search on April 12, 2000; and (3) Stender and Smith used excessive force on him while transporting him to SCI-Pittsburgh on April 12, 2000. Toward that end, on July 14, 2004, a pretrial/scheduling

conference was held during which the court scheduled the final pretrial conference for September 9, 2004 and the trial of the matter for September 27, 2004.

On September 8, 2004, Briscoe's custodian, the State Correctional Institution at Fayette ("SCI-Fayette") in Labelle, Pennsylvania, notified the court that he was refusing to be transported for purposes of attending the final pretrial conference. An order was faxed to SCI-Fayette, advising Briscoe that his refusal to appear at the final pretrial conference in this matter could be construed as a failure to prosecute the action, as well as a failure to comply with the rules of court and would result in an involuntary dismissal of the action, on the merits, pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 175.) Despite this warning, he refused to be transported for purposes of attending the conference. Consequently, the conference was cancelled. (Doc. 176.)

On September 10, 2004, this court, guided by the Poulis factors, dismissed the matter for failure to prosecute and comply with its orders pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 177.) Briscoe appealed the order (Doc. 179), and, on August 28, 2008, the United States Court of Appeals for the Third Circuit vacated the order of dismissal and remanded the matter to this court to hold a hearing. (Docs. 210-11.)

## II. Discussion

Federal Rule of Civil Procedure 41(b) permits a District Court to dismiss a plaintiff's case for failure to prosecute. See FED.R.CIV.P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the

action or any claim against it."). In so doing, the court must balance the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis, 747 F.2d at 868.

Following the hearings in this matter, it is clear that Briscoe, of his own accord, refused to be transported for purposes of attending the final pretrial conference and that his refusal was willful. (Transcript of November 6, 2008 Hearing, at 29-33, 36; Transcript of February 20, 2009 Hearing, at 9-14, 20.) And, this conduct prejudiced the defendants to some extent, in that a trial plan was unable to be formulated by the court and resolution of the litigation was further delayed. FED.R.CIV.P. 16(e). Conversely, defendants failed to present evidence that demonstrated that Briscoe's conduct impeded their ability to effectively prepare a full and complete trial strategy or prejudiced them in any way. Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).

Also, as noted by the United States Court of Appeals for the Third Circuit, with regard to the appropriateness of the sanction of dismissal, "Briscoe was proceeding pro se and in forma pauperis. Because he was proceeding pro se, he had no attorney upon whom the District Court could impose the expenses for failing to comply with the court's orders as in Poulis. Moreover, both the fact that he was proceeding in forma pauperis and that he was

currently incarcerated indicated that he would not be able to pay monetary sanctions. See Emerson, 296 F.3d at 191." Briscoe, 538 F.3d at 263.

Yet, there is no history of dilatoriness on the part of Briscoe. As pointed out by the Court of Appeals in the opinion remanding the matter to the undersigned, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874; see also Ware, 322 F.3d at 224 (finding that a history of dilatory conduct existed because the plaintiffs "failed repeatedly" to provide a damages calculation for the defendant); Emerson, 296 F.3d at 191 (finding that a history of dilatory conduct existed because the "procedural history of this case reflects continuous dilatoriness" as demonstrated by the plaintiff's multiple requests for stays and failure to comply with multiple deadlines)." Briscoe v. Klaus, 538 F.3d 252, 260 (3d Cir. 2008). The court went on to state the following:

> However, conduct that occurs one or two times is insufficient to demonstrate a "history of dilatoriness." See Scarborough v. Eubanks, 747 F.2d 871, 875 (3d Cir. 1984) (finding that, although the plaintiff's pretrial documents were "filed inexcusably late," it was not the same history of dilatoriness present in Poulis, 747 F.2d at 868); Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 343 (3d Cir. 1982) (reinstating plaintiff's case where the plaintiff acted dilatory on one occasion but no evidence existed that the plaintiff's behavior was willful). Furthermore, we must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." Adams, 29 F.3d at 875 (citing Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146 (3d Cir. 1968)).

Id. at 261. Other than refusing to attend a deposition, this is the only instance in which Briscoe did not comply with a court order.

With respect to the final factor, the meritoriousness of Briscoe's claims, "[g]enerally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. Poulis, 747 F.2d at 869-70. Thus, we deem "[a] claim, or defense . . . meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Id." Briscoe, 538 F.3d at 263. As several of Briscoe's claims successfully cleared the summary judgment hurdle, and were in a posture to proceed to trial, there is no quiestion that they have merit.

The above factors must be "weighed" in order to assure that the "'extreme end' sanction of dismissal or default is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870. Significantly, no single factor is dispositive, Ware, 322 F.3d at 222. In this case, in contrast to our earlier determination that Briscoe's conduct warranted dismissal, the court concludes that balancing of the factors weighs in favor of allowing the matter to proceed to trial. Specifically, although Briscoe is entirely responsible for failing to attend the final pretrial conference, this single incident of non-compliance with a court order does not warrant dismissal. Further, defendants did not demonstrate that his conduct impeded their ability to effectively prepare for trial or prejudice them in any way. Also considered is that the law favors a policy of resolving litigation on its merits and that Briscoe's claims, which are deemed to have merit, should be seen through to final resolution.

An appropriate order will issue.

                                         **BY THE COURT:**

                                         **s/ James M. Munley**
                                         **JUDGE JAMES M. MUNLEY**
                                         **United States District Court**

Dated: March 27, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ORLAND BRISCOE, | : | Civil No. 3:CV-01-1253 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| KENNETH KLAUS, ET AL., | : | |
| Defendants | : | |

## ORDER

AND NOW, to wit, this 27th day of March 2009, in accordance with the foregoing memorandum, it is hereby **ORDERED** that:

1. Dismissal of the action is not warranted. Briscoe is cautioned that non-compliance with future court orders will not be tolerated.

2. The matter will proceed to trial at the convenience of the court.

3. **Defendants shall file a notice with the court on or before 12:00 Noon, March 31, 2009, as to whether they will consent to the jurisdiction of a United States Magistrate Judge for the purpose of trial of this matter.**[2]

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

---

[2] At the February 20, 2009, hearing it was confirmed that Briscoe was willing to consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c). (Transcript of February 20, 2009 Hearing, at 29.) Defense counsel requested the opportunity to consult with his clients before notifying the court. (Id.)