UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ORLAND BRISCOE, | : | **CIVIL NO. 3:01-CV-01253** |
|---|---|---|
| | : | |
| Plaintiff | : | |
| | : | Magistrate Judge Smyser |
| v. | : | |
| | : | |
| | : | |
| KENNETH KLAUS, ET AL, | : | |
| | : | |
| Defendants | : | |

## <u>MEMORANDUM AND ORDER</u>

Based on the plaintiff's willful failure to attend the pretrial conference on May 20, 2009 and his history of dilatoriness, we will dismiss the instant case pursuant to Fed.R.Civ.P. 41(b).


I. Background and Procedural History.


The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on July 6, 2001. By an Order dated July 12, 2001, the plaintiff was granted leave to proceed *in forma pauperis*.

On October 26, 2001, the plaintiff filed an amended complaint. By an Order dated June 21, 2002, defendant Dragovich was dismissed from the case. The other defendants filed answers to the amended complaint.

In July of 2002, the plaintiff did not attend his scheduled deposition and the defendants filed motions requesting that the action be dismissed. Based on the plaintiff's explanation that he had been precluded from attending the deposition because prison officials had confiscated his legal materials and his clothing, the motions requesting dismissal were denied.

After the completion of discovery, summary judgment motions were filed. The following claims survived summary judgment: 1) the plaintiff's claims against defendants Miller, Leggore, Moore, Alianiello, Prave and Zihmer based on a December 17, 1999 alleged excessive use of force in an infirmary cell at the State Correctional Institution at Camp Hill (SCI-Camp Hill); 2) the plaintiff's claims against defendants Smith and Klaus based on an April 12, 2000 alleged

excessive use of force during the course of a strip search at

SCI-Camp Hill; and 3) the plaintiff's claims against defendants

Stender and Smith based on an April 12, 2000 alleged excessive

use of force while transporting the plaintiff from SCI-Camp

Hill to the State Correctional Institution at Pittsburgh.

By an Order dated August 5, 2004, a final pretrial

conference was scheduled for September 9, 2004 and jury

selection and trial were scheduled to begin on September 27,

2004.  After prison officials notified the court that the

plaintiff had refused to be transported to the final pretrial

conference, Judge Munley entered an order on September 8, 2004,

which provided that the "Plaintiff's refusal to appear at the

Final Pretrial Conference in this matter could be construed as

a failure to prosecute the action, as well as a failure to

comply with the rules of court and will result in an

involuntary dismissal of the action, on the merits, pursuant to

Fed.R.Civ.P. 41(b)."  The Order further directed the Clerk of

Court to serve the order on the plaintiff's custodian via

facsimile.  The Order directed the plaintiff's custodian to

serve the order on the plaintiff forthwith and to notify the

court of the plaintiff's status by 3:00 p.m. on that date.

Prison officials then notified the court that the plaintiff had

continued to refuse to be transported. By a second order

entered on September 8, 2004, Judge Munley cancelled the

September 9, 2004 pretrial conference. By an Order dated

September 10, 2004, after considering the factors set forth in

*Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir.

1984), Judge Munley dismissed the case pursuant to Fed.R.Civ.P.

41(b).


The plaintiff appealed the dismissal of the case. The

United States Court of Appeals for the Third Circuit held that

the Court had abused its discretion in dismissing the case *sua*

*sponte* without providing the plaintiff with a full and fair

opportunity to be heard regarding the reason(s) he had failed

to attend the pretrial conference. *Briscoe v. Klaus,* 538 F.3d

252, 255 (3d Cir. 2008). The Third Circuit vacated the Order

dismissing the case and remanded the case to the district court

for further proceedings. *Id.* at 264.

After remand from the Court of Appeals, Judge Munley held a hearing.  Judge Munley found that the plaintiff had refused to be transferred to the final pretrial conference and that his refusal was willful.  Judge Munley also found that the defendants had not demonstrated that the plaintiff's conduct had impeded their ability to effectively prepare for trial, that there was no history of dilatoriness on the part of the plaintiff and that the plaintiff's claims have merit.  By a Memorandum and Order dated March 27, 2009, Judge Munley concluded that dismissal of the action was not warranted.  By the Order of March 27, 2009, Judge Munley cautioned the plaintiff that non-compliance with future court orders would not be tolerated.

The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and, on March 31, 2009, the case was reassigned to the undersigned.

Finding the plaintiff's unique handwriting style very difficult to read, by an Order dated April 16, 2009, the court ordered the plaintiff to file, on or before May 6, 2009, a

legible copy of his amended complaint.  The plaintiff did not comply with the Order.

By a separate Order dated April 16, 2009, trial of the remaining claims was scheduled to commence with jury selection on June 22, 2009 and a pretrial conference was scheduled for May 20, 2009.  Each party was ordered to file a pretrial memorandum on or before May 13, 2009.  A writ of habeas corpus ad testificandum was issued to secure the plaintiff's presence at the pretrial conference.

The defendants filed pretrial memoranda.  The plaintiff did not file a pretrial memorandum.

On May 20, 2009, defense counsel contacted chambers and informed chambers that the plaintiff was refusing to be transported to the pretrial conference and that the plaintiff had stated that he wants to dismiss the case.  Counsel asked whether corrections staff were authorized to forcibly remove the plaintiff from his cell to come to court.  We responded that the court was not authorizing force to be used to move the

plaintiff.  We further responded that, if the plaintiff was
expressing that he wanted to dismiss the case, defense counsel
should present a stipulation of dismissal for the plaintiff to
sign.  We informed counsel that if the plaintiff were to sign a
stipulation of dismissal the pretrial conference would be
canceled and that otherwise the conference would not be
canceled.

Shortly before the time of the pretrial conference on
May 20, 2009, the defendants filed a "Motion for Release from
Writ."  Defense counsel stated in that motion that earlier in
the day he had met with the plaintiff pursuant to the court's
order and that the plaintiff had indicated among other things
that the case should be dismissed.  Defense counsel further
stated that Department of Corrections staff had later attempted
to transport the plaintiff to court but that the plaintiff
refused to leave his cell to attend the pretrial conference.
Defense counsel stated that he returned to the plaintiff's cell
with a stipulation for voluntary dismissal and that the
plaintiff had refused to sign the stipulation.  Defense counsel
stated that Department of Corrections personnel are unable to

produce the plaintiff pursuant to the writ of habeas corpus ad testificandum without the use of force.

Defense counsel appeared at the pretrial conference. However, the plaintiff did not appear at the pretrial conference on May 20, 2009.

By an Order dated May 20, 2009, following the pretrial conference, we granted the motion to release the Department of Corrections from the writ of habeas corpus ad testificandum directing that the plaintiff be produced at the pretrial conference. We also ordered the plaintiff to show cause, within twenty days, why the case should not be dismissed pursuant to Fed.R.Civ.P. 41 based on the defendants' assertion that the plaintiff had refused to leave his cell to attend the pretrial conference. The pretrial conference and trial were continued, to a date to be set later if appropriate.

The plaintiff did not file a response to the show cause order of May 20, 2009 within the twenty days specified in the

order.[1]  However, on June 15, 2009, the plaintiff did file a

response (doc. 267) to the show cause order.  It is not clear

when the plaintiff gave his response to prison officials for

mailing.  Given the prison mailbox rule, we can not tell

whether the response was timely filed.  We will accept the

response as timely filed.


    In his response to the show cause order, the plaintiff

states that he did not receive notice that there was a pretrial

---

[1].  The plaintiff did file two documents (docs. 260 & 261) within
twenty days of the May 20th Order.  However, neither of those
documents were in response to the May 20th Order.  One (doc. 260)
of the documents was dated May 9, 2009 and postmarked May 18,
2009.  That document does not address the issue of the plaintiff's
appearance at the pretrial conference.  The other (doc. 261) is
dated May 20, 2009 and postmarked May 22, 2009.  That document is
a request for a permanent injunction. In that document that
plaintiff states that on May 18, 2009 while at SCI-Graterford he
was assaulted, injured and placed on a transport van.  He asserts
that he was transported to SCI-Camp Hill and refused medical
treatment.  He asserts that it was claimed that he was at SCI-Camp
Hill for a pretrial conference. He asserts, however, that he was
not scheduled for a pretrial conference until July or August.  He
asserts that on May 20, 2009 he was told he had to go to a
pretrial conference in this case but that he was refused his legal
property and refused a shower and a shave.  He asserts that
corrections staff told him that they were going to lie and say
that he refused to go to the pretrial conference.  He asserts that
he asked to attend the pretrial conference but that he was denied
transport.  By an Order dated July 29, 2009, the plaintiff's
motion for a permanent injunction was deemed withdrawn based on
the plaintiff's failure to file a brief in support of that motion.

conference scheduled for May 20, 2009. He states that on May
18, 2009, eight corrections officers entered his cell at SCI-
Graterford and assaulted him. He states that he was almost
killed. He states he was then transported to SCI-Camp Hill and
refused medical treatment. He states that corrections officers
at SCI-Camp Hill told him that they were not going to take him
to the pretrial conference and that they were going to tell the
judge that he refused to go to the conference. He states that
on May 20, 2009 he told the corrections officers that he wanted
to go to the pretrial conference but they said "no." He states
that he then pleaded for them to please take him to the
conference and they said "no, nigger." He also states that the
corrections officers refused to allow him to shower, refused to
inventory and forward his legal property, denied him footwear
and underclothes and placed him in a hard cell with 24 hour
lighting.

The plaintiff attaches to his response a document
entitled "Sworn Statement of Inmate." This appears to be a

10

statement[2] by an inmate Carter.  Inmate Carter states that he heard and witnessed corrections officers tell the plaintiff that they were not going to take him to the pretrial conference and that they were going to tell the judge that he refused.  He also states that he heard the plaintiff pleading to go to the conference and the officers responding "no, nigger."

On June 10, 2009, defendants Miller, Leggore, Moore, Alianiello, Prave, Zihmer, Stender and Smith filed a motion to dismiss pursuant to Fed.R.Civ.P. 41(b) and a brief and documents in support of that motion.  On June 12, 2009, defendant Klaus filed a motion to dismiss pursuant to Fed.R.Civ.P. 41(b) and a brief in support of that motion.  The defendants contend that the case should be dismissed pursuant to Fed.R.Civ.P. 41(b) based on the plaintiff's refusal to attend the pretrial conference and other dilatory conduct on the part of the plaintiff.

---

2.  The statement is not sworn to nor is there any notation on the statement indicating that it was made under penalty of perjury.

The defendants submitted a declaration from Chris Chambers, the Unit Manager for the Restricted Housing Unit at SCI-Camp Hill. Chambers states that he was present on the morning of May 20, 2009 when defense counsel and another attorney met with the plaintiff at his cell to discuss the case. Chambers states that the plaintiff did not cooperate and participate in a mutual conversation about the proceeding but that the plaintiff made comments about various matters and at one point said something to the effect that the court can dismiss his case. Chambers states that staff attempted to transport the plaintiff to the courthouse but the plaintiff did not want to leave his cell to attend the court proceeding. Chambers states that the plaintiff refused to obey commands and/or follow procedure which prevented staff from securing the plaintiff in order to remove him from his cell and transport him to the court. Chambers states that the incident was videotaped and provided to defense counsel. Chambers states that defense counsel returned to the plaintiff's cell with a form for the plaintiff to sign if he wanted his case dismissed but that the plaintiff refused to sign the form. Chambers

states that the plaintiff was transported back to SCI-
Graterford on May 22, 2009.

The defendants also submitted a DVD.  The DVD is
presented to show the plaintiff refusing to attend the pretrial
conference at about 11:00 a.m. on May 20, 2009.  The DVD
appears to show the plaintiff stating that he does not want to
go to the conference.  He states that he does not have any of
his legal paper work, that he is not supposed to be down here,
that he is not scheduled for court today and that he has no
business being down here.   He states that he was assaulted
prior to coming here and words to the effect of let the judge
know - dismiss the case.   The DVD shows that, when asked if he
is refusing to go to court, the plaintiff again states that he
was sent down here without his legal property, that he was
assaulted at Graterford and that he is not even scheduled for
court today.

After requesting and receiving an extension of time, on
August 3, 2009, the plaintiff filed a brief in opposition to
the defendants' motions to dismiss.  The plaintiff contends

that dismissal is not warranted and he again contends that

officers refused to transport him to the pretrial conference.[3]


II.  Discussion.


     Federal Rule of Civil Procedure 41(b) provides that

"[i]f the plaintiff fails to prosecute or to comply with these

rules or a court order, a defendant may move to dismiss the

action or any claim against it."  Although dismissal is an

available sanction, it is a drastic sanction which "should be

reserved for those cases where there is a clear record of delay

or contumacious conduct by the plaintiff." *Donnelly v. Johns-*

*Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982).  In

deciding whether to dismiss an action pursuant to Fed.R.Civ.P.

41(b), the court must balance the factors set forth in *Poulis*

*v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.

1984).  The *Poulis* factors the court should consider are:

---

3. In his brief in opposition, the plaintiff also complains about
the conditions he was subject to at SCI-Camp Hill in May of 2009
and he seeks damages for those conditions.  It is not appropriate
to seek damages for the conditions at SCI-Camp Hill in the instant
action.

> (1) the extent of the party's personal
> responsibility; (2) the prejudice to the
> adversary caused by the failure to meet
> scheduling orders and respond to discovery; (3)
> a history of dilatoriness; (4) whether the
> conduct of the party or the attorney was
> willful or in bad faith; (5) the effectiveness
> of sanctions other than dismissal, which
> entails an analysis of alternative sanctions;
> and (6) the meritoriousness of the claim or
> defense.

*Id*. No single factor is dispositive. *Briscoe, supra,* 538 F.3d
at 263. Each factor need not be satisfied for the court to
dismiss an action. *Ware v. Rodale Press, Inc.,* 322 F.3d 218,
221 (3d Cir. 2003).


The first *Poulis* factor is the extent of the party's
personal responsibility. In this instant case the plaintiff is
proceeding *pro se.* A *pro se* litigant is responsible for
failure to comply with the court's orders. Thus, if the
plaintiff refused to attend the pretrial conference, he failed
to comply with the Order scheduling the conference. The
plaintiff denies that he refused to attend the pretrial
conference. Rather, the plaintiff contends that corrections
officials refused to transport him to the pretrial conference.

15

In light of the DVD submitted by the defendants, we find that the plaintiff's contention (and the statement of inmate Carter) that he did not refuse to attend the pretrial conference is not credible. Although we recognize that the video was not made under judicially controlled or verifiably reliable conditions, we find it to be adequately reliable for the purposes here. We do not have another basis, unless we go to interview the plaintiff in prison or order the use of force to bring him here, to have more information. We find that the plaintiff refused to attend the pretrial conference, and we conclude that the plaintiff was personally responsible for failing to attend the pretrial conference scheduled by the court.

The second *Poulis* factor is prejudice to the adversary. Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984). Prejudice for purposes of the *Poulis* analysis does not mean irremediable harm. *Ware, supra,* 322 F.3d at 222. "[T]he burden imposed by impeding a party's ability to prepare

effectively a full and complete trial strategy is sufficiently prejudicial." *Id.*

At the pretrial conference, the court formulates a trial plan. *Briscoe, supra,* 538 F.3d at 260. The failure of a party to disclose its evidence prior to trial or to attend the pretrial conference, stymies the court's ability to properly formulate a trial plan, thereby prejudicing the defendants in their trial preparations. *Id.* We conclude that the defendants were prejudiced by the plaintiff's refusal to attend the pretrial conference because they could not properly prepare for trial. The impact of such prejudice could be minimized if the plaintiff were to attend a subsequent pretrial conference. However, given that the plaintiff has twice now refused to attend the pretrial conference, we do not think it reasonable to conclude that the plaintiff would attend another scheduled pretrial conference, or if he did attend such conference, that he would attend subsequent proceedings scheduled by the court.

Additionally, the plaintiff's refusal to attend the pretrial conference served to delay this case. Defendant Klaus

argues that since the complaint was filed eight years ago,

witnesses have relocated and memories of the incident have

faded.  Defendant Klaus, however, has not presented any

evidence that witnesses have relocated since the time that the

plaintiff failed to attend the pretrial conference on May 20,

2009 or even the pretrial conference in 2004.  Nevertheless, it

is of course true that delay causes witnesses' memories to

fade.

Further, because of the plaintiff's refusal to attend

the pretrial conference, the defendants incurred costs

associated with preparing and filing motions to dismiss.

We conclude that the plaintiff's conduct has prejudiced

the defendants.

The third *Poulis* factor is a history of dilatoriness.

A "party's problematic acts must be evaluated in light of its

behavior over the life of the case." *Adams v. Trustees, N.J.*

*Brewery Trust Fund,* 29 F.3d 863, 875 (3d Cir. 1994). "[C]onduct

that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe, supra,* 538 F.3d at 261.

In addition to refusing to attend the pretrial conference on May 20, 2009, the plaintiff refused to attend the pretrial conference in 2004. Further, the plaintiff failed to comply with the Order directing him to file a legible copy of his amended complaint and with the Order directing him to file a pretrial memorandum. Although the plaintiff did not engage in dilatory actions during the first years of litigating this case, we conclude that he has a history of dilatoriness based on his refusal twice to attend a pretrial conference and his recent failures to comply with court orders.

The fourth *Poulis* factor is whether the conduct was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams, supra,* 29 F.3d at 875. After viewing the DVD submitted by the defendants, where the plaintiff is shown refusing to attend the pretrial conference, we conclude that the plaintiff acted willfully in refusing to attend the pretrial conference on May 20, 2009. As indicated

above, after the case was remanded from the Court of Appeals, Judge Munley held a hearing after which he concluded that the plaintiff's refusal to attend the pretrial conference in 2004 was willful. Although it is not clear what the plaintiff hopes to achieve by refusing to attend court proceedings, a review of the testimony presented at the hearing before Judge Munley reveals that the plaintiff has a habit of refusing to leave his cell to be transported to court proceedings.

The fifth *Poulis* factor is the effectiveness of alternate sanctions. Dismissal is a sanction of last resort. *Poulis, supra*, 747 F.2d at 869. It is incumbent upon the court to explore the effectiveness of lesser sanctions before ordering dismissal. *Id.* at 868. Since the plaintiff is proceeding *pro* se and *in forma pauperis* and is incarcerated, there is no basis to reasonably conclude that he would be able to pay monetary sanctions. Therefore, monetary sanctions, including attorney's fees and costs, would not be an effective sanction for the plaintiff's repeated willful refusal to attend pretrial conferences. In the instant case, no sanction short of dismissal would be effective.

The sixth *Poulis* factor is the meritoriousness of the claim or defense.  In this inquiry, a claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis, supra,* 747 F.2d at 870.  The remaining claims have survived summary judgment.  Thus, those claims have arguable merit in law and fact.

The fact that the plaintiff's claims have arguable merit support not dismissing this case.  However, the other *Poulis* factors support dismissing this case.  The plaintiff willfully refused to attend the pretrial conference for a second time.  He is personally responsible for his refusal and his refusal caused significant delay in this case and caused prejudice to the defendants.  In addition to refusing to attend the pretrial conference, the plaintiff failed to comply with other court orders.  Other sanctions would not be effective in this case.  After weighing the *Poulis* factors we conclude that this case should be dismissed pursuant to Fed.R.Civ.P. 41(b).

III.  Order.


**IT IS ORDERED** that the defendants' motions (docs. 262 &
265) to dismiss pursuant to Fed.R.Civ.P. 41(b) are **GRANTED**.
This case is dismissed pursuant to Fed.R.Civ.P. 41(b).  The
Clerk of Court is directed to close the case file.


                                        _**/s/ J. Andrew Smyser**_
                                        J. Andrew Smyser
                                        Magistrate Judge


Dated: October 5, 2009.